```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION


LORETTA WRIGHT,                      *

        Plaintiff                    *

vs.                                  *
                                           CASE NO. 4:11-CV-59 (CDL)
BANK OF AMERICA, DEUTSCHE            *
BANK NATIONAL TRUST COMPANY,
UNITED STATES DEPARTMENT OF          *
VETERANS AFFAIRS, and McCALLA
RAYMER, LLC,                         *

        Defendant                    *
```

O R D E R

All Defendants, except the United States Department of Veterans Affairs, have filed motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted (ECF Nos. 12 and 13).  Plaintiff, who is proceeding *pro se*, has failed to file a response to the motions.

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

The Court has reviewed Plaintiff's Complaint. Accepting the factual allegations as true and construing all reasonable inferences in Plaintiff's favor, the Court finds that the Complaint does not contain sufficient factual matter to state a claim that is plausible on its face; nor do the allegations raise a right to relief above the speculative level. Accordingly, Defendants' motions to dismiss (ECF Nos. 12 and 13) are granted.

IT IS SO ORDERED, this 23rd day of September, 2011.


    s/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE